IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

NEUJAHR V. MCGREGOR

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

GREGORY L. NEUJAHR, APPELLANT,

V.

VICKI MCGREGOR, APPELLEE, AND STATE OF NEBRASKA, INTERVENOR-APPELLEE.

Filed April 8, 2025.    No. A-24-511.

Appeal from the District Court for Platte County: JASON M. BERGEVIN, Judge. Affirmed.

Timothy P. Matas, of Stratton, DeLay, Doele, Carlson, Buettner & Stover, for appellant.

Darin J. Knepper, Deputy Platte County Attorney, for appellee.

RIEDMANN, Chief Judge, and BISHOP and ARTERBURN, Judges.

RIEDMANN, Chief Judge.

## INTRODUCTION

Gregory L. Neujahr appeals from the order of the district court for Platte County adopting the child support referee's report and recommendation that Neujahr be found in willful contempt. We find that the district court did not abuse its discretion in finding Neujahr in contempt and we affirm the judgment of the district court.

## BACKGROUND

On May 16, 1996, the district court entered an order requiring Neujahr to pay $269 per month in child support. In August 2008, the principal stopped accruing, but interest on arrearage then owed continued to accrue. In March 2019, the State filed an affidavit and application for an order to show cause in which it asserted that the 1996 order was still in full force and effect and had not been modified, and that Neujahr was more than one month delinquent on the court-ordered child support. It averred his arrearage was at least $18,863.15.

- 1 -

In June 2019, the district court adopted a referee report and recommendation finding Neujahr in contempt for failure to pay $18,917.72 in past due child support and imposing a 120-day jail sanction. The report indicated that Neujahr could purge his contempt by making monthly payments of $250 for 48 months, but indicated the jail sanction was not suspended. However, a later order of commitment stated execution of the sentence was suspended as long as Neujahr made the required payments. Neujahr did not comply on a monthly basis and several commitments were issued. The purge plan ended in June 2023 but an unpaid balance remained.

In August 2023, the State filed an affidavit and application for an order to show cause in which it asserted that the 1996 order was still in full force and effect and had not been modified, and that Neujahr was more than one month delinquent on the court-ordered child support. It averred his arrearage was at least $7,428.26. At a hearing before the child support referee in March 2024, the State entered the child support payment records from the Nebraska Department of Health and Human Services into evidence. The records showed that from June 2023 to March 2024, Neujahr had not made any court-ordered payments and had accrued interest of $7,428.26 that remained unpaid.

Neujahr asserted that the balance for the principal amount of child support was paid as of February 2021, and the arrearage remaining was all interest that had accrued. He argued that he had already been found in contempt for most of the arrearage, and purged himself of that contempt, based on the 2019 order and purge plan. Neujahr contended that he could be found in contempt only for amounts that had accrued since the 2019 finding of contempt.

The referee found Neujahr in willful contempt for failure to pay $7,428.26 in past due child support and imposed a 120-day jail sanction, suspended by payment of $200 a month for 38 months. At an exception hearing before the district court, Neujahr again argued that he had purged himself of all contempt from the June 2019 contempt finding, and that he could be found in contempt only for interest that had accrued since that time. The district court adopted the referee's report and recommendations. Neujahr appeals.

## ASSIGNMENTS OF ERROR

Neujahr assigns that the district court erred in finding him in willful contempt for failure to pay $7,428.26 in past due child support and in ordering a jail sanction of 120 days in county jail unless Neujahr paid $200 per month for 38 months.

## STANDARD OF REVIEW

In a civil contempt proceeding where a party seeks remedial relief for an alleged violation of a court order, an appellate court employs a three-part standard of review in which (1) the trial court's resolution of issues of law is reviewed de novo, (2) the trial court's factual findings are reviewed for clear error, and (3) the trial court's determinations of whether a party is in contempt and of the sanction to be imposed are reviewed for abuse of discretion. *State on behalf of Mariah B. & Renee B. v. Kyle B.*, 298 Neb. 759, 906 N.W.2d 17 (2018).

ANALYSIS

*Finding of Contempt.*

Neujahr assigns that the district court erred in finding him in willful contempt for failure to pay $7,428.26 in past due child support. He argues that he has already been found in contempt for most of that amount, as it was included in the June 2019 finding of contempt. Neujahr argues that the most he can be found in contempt for is the interest that has accrued since the 2019 finding of contempt, which is approximately $255.79. We find that the district court did not abuse its discretion in finding Neujahr in contempt.

Civil contempt proceedings are instituted to preserve and enforce the rights of private parties to a suit when a party fails to comply with a court order made for the benefit of the opposing party. *Sickler v. Sickler*, 293 Neb. 521, 878 N.W.2d 549 (2016). Willful disobedience is an essential element of contempt; "willful" means the violation was committed intentionally, with knowledge that the act violated the court order. *Id*. Outside of statutory procedures imposing a different standard or an evidentiary presumption, the complainant must prove all elements of contempt by clear and convincing evidence. *Id*.

This matter involves the failure to pay child support. Neb. Rev. Stat. § 42-358(3) (Reissue 2016) provides in part that "[a] rebuttable presumption of contempt shall be established if a prima facie showing is made that the court-ordered child or spousal support is delinquent." Here, the payment records did not reflect any payments between June 2023 and March 2024, and as of March 2024 Neujahr had an arrearage of $7,428.26. The State established a rebuttable presumption that Neujahr was in contempt of the 1996 court order requiring him to make monthly child support payments of $269. Neujahr presented no evidence to rebut this. Thus, the district court did not abuse its discretion in finding Neujahr in contempt.

Neujahr notes that, due to the age of the dependent, new child support ceased accruing in August 2008 and only interest continued to accrue on the unpaid principal. However, pursuant to Neb. Rev. Stat. § 42-358.02(3) (Reissue 2016), interest on delinquent child support payments shall be payable in the same manner as the support payments upon which the interest accrues. Further, a district court does not have the discretion to reduce the amount of accrued interest on child support arrearage. See *Ybarra v. Ybarra*, 28 Neb. App. 216, 943 N.W.2d 447 (2020). Therefore, Neujahr was obligated to pay his monthly obligation plus any accrued interest pursuant to the May 1996 child support order.

Neujahr argues that he cannot be found in contempt for the bulk of the arrearage because "[a]t the time of the filing of the Referee Report and Recommendations, [he] had already been held in contempt for all unpaid balances save for $255.79 of interest that had accrued since his previous finding of contempt of June 10, 2019." Brief for appellant at 8. He bases this upon the 2019 finding that he was in in arrears in the amount of $18,917.72 as of June 6, 2019. But a finding of contempt is based upon a party's failure to comply with a court order. And the 1996 child support order required monthly payments plus interest as set forth in § 42-358.02(3).

The fact that Neujahr was held in contempt in 2019 for failure to make the required monthly payments does not prevent him from being held in contempt for failure to make monthly payments after that date. The fact remains that Neujahr has failed to comply with the 1996 child support order, resulting in a balance of $7,428.26 still owed. We note that even if Neujahr had complied

with the 2019 purge plan, such payments would have totaled $12,000, an amount less than the $18,917.72 that was due at that time, and he remained liable for the full obligation. This is not a situation in which Neujahr was ordered to pay more than he owes; rather, he was found in contempt for failure to abide by the 1996 order requiring monthly payments. And it was his failure to do so that resulted in the accrual of interest, an amount which he continues to owe. We find no abuse of discretion in the district court's finding of contempt.

*Sanction Imposed.*

Neujahr assigns that the district court erred in ordering a jail sanction of 120 days in county jail unless he paid $200 per month for 38 months. Neujahr's argument for this assigned error is "that the sanction imposed by the District Court . . . is excessive, and constitutes an abuse of discretion." Brief for appellant at 8. This is not sufficient to secure appellate review of the issue. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting error to be considered by the appellate court. *In re Interest of Quiotis C.*, 32 Neb. App. 932, 9 N.W.3d 224 (2024). An argument that does little more than restate an assignment of error does not support the assignment, and an appellate court will not address it. *Id.*

## CONCLUSION

The district court did not abuse its discretion in finding Neujahr in contempt, and we affirm the judgment of the district court.

AFFIRMED.